IN THE COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO: 3:05-1011 |
| | ) | 21 U.S.C. § 846 |
| vs. | ) | 21 U.S.C. § 841 (a)(1) |
| | ) | 21 U.S.C. § 841 (b)(1)(D) |
| **JAMES M. SHORTT** | ) | 21 U.S.C. § 333 (e)(1) |
| | ) | 18 U.S.C. § 2 |
| | ) | |
| | ) | INDICTMENT |

COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in or around December 1998, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, and elsewhere, the defendant, **JAMES M. SHORTT**, knowingly and intentionally did conspire with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and dispense, to distribute and dispense, and to cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroids testosterone, stanozolol, and nandrolone, Schedule III controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and human growth hormone, in violation of Title 21, United States Code, Section 333(e);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about February 7, 2001, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about March 14, 2001, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about April 10, 2001, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about April 16, 2001, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about June 14, 2001, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about July 24, 2001, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about March 5, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

That on or about April 18, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about May 1, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

That on or about May 14, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 12

THE GRAND JURY FURTHER CHARGES:

That on or about July 8, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 13

THE GRAND JURY FURTHER CHARGES:

That on or about July 31, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 14

THE GRAND JURY FURTHER CHARGES:

That on or about September 18, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 15

THE GRAND JURY FURTHER CHARGES:

That on or about December 19, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid nandrolone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 16

THE GRAND JURY FURTHER CHARGES:

That on or about December 19, 2002, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 17

THE GRAND JURY FURTHER CHARGES:

That on or about January 29, 2003, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 18

THE GRAND JURY FURTHER CHARGES:

That on or about March 3, 2003, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 19

THE GRAND JURY FURTHER CHARGES:

That on or about May 6, 2003, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 20

THE GRAND JURY FURTHER CHARGES:

That on or about May 21, 2003, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 21

THE GRAND JURY FURTHER CHARGES:

That on or about October 21, 2003, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 22

THE GRAND JURY FURTHER CHARGES:

That on or about December 16, 2003, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 23

THE GRAND JURY FURTHER CHARGES:

That on or about January 20, 2004, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroids testosterone and stanozolol, Schedule III controlled substances;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 24

THE GRAND JURY FURTHER CHARGES:

That on or about January 23, 2004, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 25

THE GRAND JURY FURTHER CHARGES:

That on or about March 10, 2004, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 26

THE GRAND JURY FURTHER CHARGES:

That on or about March 16, 2004, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 27

THE GRAND JURY FURTHER CHARGES:

That on or about June 1, 2004, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 28

THE GRAND JURY FURTHER CHARGES:

That on or about June 1, 2004, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, not for a legitimate medical purpose and outside the usual course of professional practice, the anabolic steroid testosterone, a Schedule III controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNTS 29

THE GRAND JURY FURTHER CHARGES:

That on or about February 18, 2003, in the District of South Carolina, the defendant, **JAMES M. SHORTT**, knowingly, intentionally, and unlawfully did possess with intent to distribute and dispense; did distribute and dispense; and did cause to be distributed and dispensed, human growth hormone, that is, Somatropin, for a use in humans other than the treatment of a disease and other recognized medical condition, where such use had been authorized by the Secretary of Health and Human Services and pursuant to the order of a physician,

In violation of Title 21, United States Code, Section 333(e)(1), and Title 18, United States Code, Section 2.

-16-

A ___TRUE___ BILL

s/Foreperson
FOREPERSON

s/Jonathan S. Gasser
JONATHAN S. GASSER   (WDHjr)
UNITED STATES ATTORNEY

## PENALTIES

21 USC 841(a)(1):

**MAXIMUM SENTENCE THIS COUNT**
**FINE OF $250,000 (18 USC 3571)**
**IMPRISONMENT FOR 5 YRS**
**SUPERVISED RELEASE FOR 2 YRS (18 USC 3583)**
**SPECIAL ASSESSMENT $100.00 (18 USC 3013)**

21 USC 333(e):

**MAXIMUM SENTENCE THIS COUNT**
**FINE OF $250,000 (18 USC 3571)**
**IMPRISONMENT FOR 5 YRS**
**SUPERVISED RELEASE FOR 2 YRS (18 USC 3583)**
**SPECIAL ASSESSMENT $100.00 (18 USC 3013)**