IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:05-1011 |
| | ) | |
| V. | ) | **AMENDED** |
| | ) | **PLEA AGREEMENT** |
| JAMES M. SHORTT | ) | |
| | ) | |

AGREEMENT made this 6th day of March, 2006, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorneys Winston D. Holliday, Jr., and Jane B. Taylor; the Defendant, **JAMES M. SHORTT**, and Defendant's Attorney, Allen Burnside, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant, **JAMES M. SHORTT**, agrees to plead guilty to Count 1 of the Superseding Indictment now pending, FED. R. CRIM. P. 11(a), which charges, "Conspiracy to Distribute Anabolic Steroids and Human Growth Hormone," a violation of Title 21 United States Code, § 846.

In order to sustain its burden of proof as to this offense, the Government is required to proved the following:

**Count 1 – Conspiracy to Distribute Anabolic Steroids and Human Growth Hormone – 21 U.S.C. § 846:**

FIRST       that there was an agreement between two or more persons to distribute the drugs listed in the Superseding Indictment;

SECOND    that the defendant knew of the conspiracy; and,

THIRD       that the defendant knowingly and voluntarily became a part of the conspiracy.

Possible Penalties for 21 U.S.C. § 846:

Fine of $250,000
Imprisonment for 5 years
Supervised Release 2 years
Special Assessment $100

2.  The Defendant, **JAMES M. SHORTT**, agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

A.  Fines. The Defendant, **JAMES M. SHORTT**, understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the defendant has the money to pay the fine. In the event the defendant does not have the money, the defendant understands and agrees that the court may establish a payment schedule, taking into account the defendant's present and future means of earning money, or of obtaining money to pay the fine.

B.  Restitution. The Defendant, **JAMES M. SHORTT**, will make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the defendant pled guilty, but will include any uncharged relevant conduct. The defendant understands and agrees that full payment of restitution is due immediately after sentencing unless the court provides, in the interest of justice, for payment on a date certain or in installments over the shortest time in which full payment can be reasonably made. The defendant further understands and agrees that the

government will seek enforcement of any order of restitution, and reserves the right to petition the court at a later date to increase the amount of any installment payments toward restitution in the interest of justice.

C.  Special Assessment. Pursuant to 18 U.S.C. § 3013, the defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. Provided the Defendant, **JAMES M. SHORTT**, complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines. FED.R.CRIM.P. 11(c)(1)(A).

4. The Defendant, **JAMES M. SHORTT**, understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government of the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any

inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED. R. Crim. P. 11(b)(3).

5. The Defendant, **JAMES M. SHORTT**, agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The Defendant, **JAMES M. SHORTT**, represents to the court that he has had the services of an attorney the Defendant believes to be competent; that the Defendant has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent

and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. The Defendant, **JAMES M. SHORTT**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

8. In the event that the Defendant, **JAMES M. SHORTT**, fails to comply with any of the provisions of this Agreement, it is expressly understood that the United States will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

9. The Defendant, **JAMES M. SHORTT**, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

10. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be

modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 3-6-06<br>DATE | *(signature)*<br>JAMES M. SHORTT, Defendant |
| 3/6/06<br>DATE | *(signature)*<br>ALLEN BURNSIDE<br>Attorney for the Defendant |
| | REGINALD I. LLOYD<br>UNITED STATES ATTORNEY |
| 6 MAR 06<br>DATE | BY: *(signature)*<br>WINSTON D. HOLLIDAY, JR.<br>Assistant U. S. Attorney |
| 3.6.06<br>DATE | BY: *(signature)*<br>JANE B. TAYLOR<br>Assistant U. S. Attorney |